**JIAN XI HU, Petitioner,**

v.

**Attorney General Alberto R. GON-ZALES,[1] United States Department of Justice, Respondents.**

No. 04–2815–AG.

United States Court of Appeals, Second Circuit.

April 7, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Norman Kwai Wing Wong, New York, New York, for Petitioner.

Lisa Godbey Wood, United States Attorney, Southern District of Georgia, Edmund A. Booth, Jr., First Assistant United States Attorney, Augusta, Georgia, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Jian Xi Hu petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court generally reviews only the BIA's credibility determination, but when the BIA adopts the IJ's decision with no opinion, this Court will review the decision of the IJ directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (Per Curiam); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–83 (2d Cir.2004); *Secaida–Rosales*, 331 F.3d at 306–13; *Diallo v. INS*, 232 F.3d 279, 287–88 (2d Cir.2000).

▪ The IJ's adverse credibility finding was based on substantial evidence and is thus upheld. *See Zhou Yun Zhang*, 386 F.3d at 73. First, the IJ noted that material aspects of Hu's testimony were contradicted by relevant portions of the State Department Profile of China. This Court has noted that Department of State reports "often provide a useful and informative overview of conditions in the applicant's home country," but has cautioned that an IJ must not place "excessive reliance" on these reports in discrediting contrary evidence presented by the applicant. *Tian–Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir.2004). Here, the IJ conducted a comparison allowed for in *Tian–Yong Chen* between a Department of State report and Hu's testimony and evidence. The IJ did not excessively rely on the disparities, as he offered other reasons,

addressed below, for his adverse credibility finding. In addition, the propositions that the IJ cited as being in contrast to Hu's claims are present in the report. The report does state that in rural areas of China the policy of IUD insertion is not applied very strictly, that the procedure is not urged until a couple has two or even three children, and that abortion certificates exist, but are issued by hospitals after a voluntary procedure.

■ Second, the IJ relied on inconsistencies between Hu's testimony and documentary evidence, which are capable of supporting an adverse credibility determination as long as they are "specific [and] cogent" and "bear a legitimate nexus" to the finding. *See Secaida–Rosales,* 331 F.3d at 307 (internal quotation marks omitted). All of the inconsistencies, one as to the date Hu's wife had her first IUD inserted, another concerning whether a second IUD was inserted, another as to when his son was born, and a fourth as to whether his wife was actually subjected to a forced abortion, are specific and cogent, and are borne out by the record. Lastly, and most importantly, the inconsistencies bear a legitimate nexus to Hu's claim, which is based entirely on details, like these, relating to the Chinese government's coercive population control and its effects on his wife.

■ Finally, the IJ faulted Hu for failing to submit documents relevant to his claim. This Court has noted that "[w]hile consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would be reasonably expected." *Diallo,* 232 F.3d at 285. To deny an asylum claim for lack of sufficient corroboration, the IJ "must (a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at issue was reasonably available to the petitioner." *Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003) (*citing Diallo,* 232 F.3d at 285–90). The IJ complied with *Qiu* by specifically identifying the missing relevant documentation—Hu's marriage certificate and household registration—and noting that those documents were "reasonably available," as Hu admitted on the record that he had both of them, but chose not to submit them.

■ Because the only evidence of a threat to Hu's life or freedom depended upon his credibility, the IJ's adverse credibility determination necessarily precludes Hu's withholding of removal claim. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). In addition, as Hu did not raise his CAT claim to the BIA, that claim is jurisdictionally barred because it was not exhausted. *See Foster v. INS,* 376 F.3d 75, 77 (2d Cir.2004) (Per Curiam).

■ Lastly, Hu's argument that the BIA's decision should be reversed because of its summary nature is without merit. This Court has held that summary affirmances by the BIA are valid and do not deprive an asylum applicant of due process. *See Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 157–59 (2d Cir.2004) (Per Curiam).

Accordingly, the petition for review is DENIED.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).